UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
JASON A. KEVIT,                             )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )      Civil Action No.
                                            )      13-cv-40012-TSH
ANDREA M. STEINMETZ and                     )
THE PREMIER INSURANCE COMPANY               )
OF MASSACHUSETTS,                           )
                                            )
    Defendants.                             )
_____)


## ORDER DENYING PLAINTIFF'S MOTION TO REMAND
March 18, 2013

**HILLMAN, J.**

### INTRODUCTION

This is a civil action arising out of the improper access and misappropriation of Jason A. Kevit's ("Plaintiff") driving records from the Massachusetts Registry of Motor Vehicles by Andrea M. Steinmetz ("Steinmetz"), at all relevant times an employee of The Premier Insurance Company of Massachusetts (collectively, "Defendants"). Plaintiff initially filed suit in Worcester Superior Court on November 1, 2012 (Docket No. 9). On January 4, 2013, Plaintiff filed an Amended Complaint (Docket No. 9). Because Plaintiff's Amended Complaint alleged a violation of the Driver Privacy Protection Act under 18 U.S.C. § 2724, on January 18, 2013, Defendants filed a timely Notice of Removal under 28 U.S.C. §§ 1441(a), 1446(b) (Docket No. 1). Although Steinmetz failed to sign the Notice of Removal (Docket No. 1), it stated that: "codefendant,

Andrea Steinmetz has consented to the removal of the within action to this Court" (Docket No. 1, ¶ 8).

Pending before the Court is Plaintiff's Motion to Remand to Worcester Superior Court under 28 U.S.C. § 1447(c) (Docket No. 12). Plaintiff argues that the Notice of Removal was defective due to a lack of "unanimity" because Defendant Steinmetz failed to "clearly and unambiguously" consent to the removal (Docket No. 13). On February 21, 2013, Defendants filed briefs in opposition making this action ripe for review (Docket Nos. 14-15). For the following reasons, Plaintiff's Motion to Remand is **DENIED**.

### *MOTION TO REMAND*

Civil defendants are permitted to remove actions from state to federal court so long as the claims alleged in the state court complaint could also have been litigated in federal court. 28 U.S.C. § 1441(a). If a defendant so chooses, they must file a notice of removal with the district court within thirty days of being served with the complaint. 28 U.S.C. § 1446(b). Based on separation of powers principles, it is well settled law that any congressional action designed to alter Article III courts' original jurisdiction in any way shall be strictly construed. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999); *Frankston v. Denniston*, 376 F. Supp. 2d 35, 41 (D. Mass. 2005); *Sansone v. Morton Mach. Works, Inc.* 188 F. Supp. 2d 182, 186 (D.R.I. 2002) ("[B]ecause removal statutes are an infringement on the power of the states, they must be strictly construed in favor of state court jurisdiction."). "As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition." *Montana v. Abbot Labs.*, 266 F. Supp. 2d 250, 260 (D. Mass. 2003). The unanimous assent of all

defendants in a suit satisfies the "rule of unanimity." *See Murphy v. Newell Operating Co.*, 245 F. Supp. 2d 316, 318 (D. Mass. 2003).

The "rule of unanimity" was designed to "protect[] plaintiffs by keeping defendants from splitting the litigation into two duplicative cases in separate fora; . . . protect[] defendants by preventing one defendant from imposing his forum choice on another; and . . . protect[] judicial efficiency and integrity by avoiding redundant, possibly inconsistent, judgments." *Pinnacle Serv. Solutions Group, Inc. v. AXA Equitable Life Ins. Co.*, 831 F. Supp. 2d 523, 526 (D. Mass. 2011). The fact that not every defendant signs a notice of removal does not create grounds for a defective removal. *See D.B. ex rel. Elizabeth B. v. Sutton Sch. Dist.*, No. 10-10897-FDS, 2011 WL 475064, at *1 (D. Mass. Feb. 3, 2011). However, if a defendant does not sign the notice of removal, they must manifest their consent to remove "clearly and unambiguously to the Court within the statutorily prescribed thirty days." *Frankston*, 376 F. Supp. 2d at 38 (quoting *Sansone*, 188 F. Supp. 3d at 184).

## ANALYSIS

Here, Plaintiff contends that the procedural facts present in this case are analogous to those in *Frankston v. Denniston*. In *Frankston*, the district court found that the defendants' notice of removal failed to clearly and unambiguously convey the non-signing codefendant's consent and thus did not satisfy the "rule of unanimity." *Id.* at 40-41. The court noted that the notice of removal's statement that "[codefendant] does *not object* to the removal of the State Court Action to this Court" was insufficient to survive a motion to remand because a "failure to object [was] different than affirmatively giving consent." *Id.* Although the defendants in *Frankston* argued that any defect was subsequently cured by filing an opposition to remand, an affidavit in support

3

of consent, and a motion to dismiss, the court ultimately remanded the action because each of those filings occurred after the prescribed thirty-day period under 28 U.S.C. § 1446(b)(3).

Conversely, Defendants in the instant action have relied upon *D.B. ex rel. Elizabeth B. v. Sutton School District*. In *Sutton*, the notice of consent stated that "[codefendant] has been consulted about the petition for removal. [Codefendant] has consented to the removal, such that all Defendants agree to the removal of the action." Defendant's Sutton School District and Sutton School Committee's Petition for Removal at ¶ 7, *D.B. ex rel. Elizabeth B. v. Sutton Sch. Dist.*, No. 10-10897-FDS, 2011 WL 475064 (D. Mass. Feb. 3, 2011) (ECF No. 1). The *Sutton* court distinguished *Frankston* by highlighting the number of unique representations made by the defendants in Paragraph 7 with regards to consent between the parties as well as the fact that the defendants "consulted" each other prior to filing. *Id*. at *2.

Here, but for the fact that the defendants in *Sutton* included only a single phrase alluding to consulting one another about removal, there is little substantive difference between the notice of removal in that case and the one before this Court. Defendants seeking removal – and the courts tasked with determining potential defects – should not be required to decipher "magic words" in order to satisfy the "clear and unambiguous" standard if both statute and common law merely require consent and not a signed document filed with the court. Moreover, unlike in *Frankston*, where the remedial measures taken by those defendants occurred *after* the thirty-day deadline, where, as here, a defendant files an answer in federal court before the thirty-day deadline, then consent is sufficiently clear and unambiguous. *See Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562 (C.D. Cal. 1988); *see also Sansone*, 188 F. Supp. 2d at 185. Accordingly, I find that Defendants' Notice of Removal was proper.

*C*ONCLUSION

For the foregoing reasons, I hereby **DENY** Plaintiff's Motion to Remand.

IT IS SO ORDERED.

/s/ *Timothy S. Hillman*_____
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**